IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

        Plaintiffs                                 Case No.  3:19-CR-0040

-vs-                                                 Judge Thomas M. Rose

DAMIAN L. JACKSON

        Defendant

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582 (c)(1)(A)(i) (Doc. 35) AND THE SUPPLEMENTS TO THE MOTION (Docs. 37 & 38) AND MOTION TO WAIVE EXHAUSTION REQUIREMENTS DUE TO COVID-19 PUBLIC HEALTH EMERGENCY (Doc. 36).**

This case is before the Court on the Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i) (Doc. 35), Motion to Waive Exhaustion Requirements Due to COVID-19 Public Health Emergency (Doc. 36), Supplement to Motion to Reduce Sentence (Doc. 37) and Second Supplement to Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 38) filed by Defendant, Damian L. Jackson. Defendant brings these motions requesting the Court to allow him to be released from confinement because of the recent outbreak of COVID-19 at F.C.I. [Federal Correctional Institution] Elkton. In these Motions, the Defendant acknowledges that he has not been able to demonstrate that he has exhausted his BOP [Bureau of Prisons] remedies, but specifically requests that the Court waive that requirement. In support of these motions, the Defendant cites *U.S. v. Beck* (Case No. 2:07-cr-213), a decision in the Southern District of Ohio, where the district court concluded "that the exhaustion requirements found in 18 U.S.C. § 3582(c)(1)(A) are claim-processing and waivable" by a court. (Doc. 38-1.) Although this Court

1

finds that there is support for the conclusion that the exhaustion requirements found in 18 U.S.C. § 3582(c)(1)(A) are claim-processing rules (thus, not "jurisdictional"),[1] that court's further conclusion that the exhaustion requirements are waivable appears to conflict with the Supreme Court's decision in *Ross v. Blake,* 136 S. Ct. 1850, 1856-57, 195 L. Ed 2d. 117 (2016) – a case that was not addressed by the *Beck* court.

In other words, *Ross* precludes a court from waiving the exhaustion requirements regardless of whether a court might find them to be jurisdictional or non-jurisdictional (claim-processing rules).

*Ross* involved a court-created exception to the exhaustion requirement in the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). *Ross*, 136 S. Ct. at 1854-55. The court below had "adopted an unwritten 'special circumstances' exception to" the exhaustion requirement in the PLRA. *Id.* The court below therefore permitted some prisoners to pursue litigation even when they had failed to exhaust available administrative remedies. *Id.*

The Supreme Court began its analysis with the text of the PLRA. *Id.* at 1856. It found that, aside from one exception within the statutory text itself, "the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." *Id.* The Court further explained:

> No doubt, judge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions. But a statutory exhaustion provision stands on a different footing. There, Congress sets the rules – and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes,

---

[1] *But see, e.g, United States v. Johnson*, No. CR RDB-14-0441, 2020 U.S. Dist. LEXIS 59206, at *7-12, 2020 WL 1663360 (D. Md. Apr. 3, 2020) (finding that the administrative exhaustion requirements of § 3582(c)(1)(A) are "jurisdictional" in nature and cannot be waived).

> foreclosing judicial discretion.  *See, e.g., McNeil v. United States*, 508 U.S. 106, 111, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ('We are not free to rewrite the statutory text' when Congress has strictly 'bar[red] claimants from bringing suit in federal court until they have exhausted their administrative remedies').  Time and again, this Court has taken such statutes at face value—refusing to add unwritten limits onto their rigorous textual requirements.

*Id.* at 1857 (first internal citation omitted) (alteration in original).

Therefore, the conclusion in *Beck* that the exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A) are waivable directly conflicts with *Ross*' holding that a court may not excuse exhaustion requirements mandated by statute because "mandatory exhaustion statutes … establish mandatory exhaustion regimes, <u>foreclosing judicial discretion</u>" to excuse or waive them.  *Ross*, 136 S. Ct. at 1856-57 (emphasis added).  As one district court has explained, whether the exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A) are "jurisdictional" versus "non-jurisdiction" (such as claims processing rules) is not an issue that needs to be addressed because the court "ha[s] no authority under the FSA to waive exhaustion."  *United States v. Epstein*, No. CR 14-287, 2020 U.S. Dist. LEXIS 62833, at *12 n.3, 2020 WL 1808616 (D.N.J. Apr. 9, 2020).

Although *Ross* involved the PLRA while 18 U.S.C. § 3582(c)(1)(A) is part of the First Step Act ("FSA"), numerous courts have found that the *Ross* holding applies to the exhaustion requirements of § 3582(c)(1)(A).  *See, e.g., Epstein*, 2020 U.S. Dist. LEXIS 62833, at *7 (finding that the PLRA is analogous to the FSA and applying *Ross* to deny, without prejudice, a motion for compassionate relief for failure to fulfill the statutory exhaustion requirements); *United States v. Alam*, No. CR 15-20351, 2020 U.S. Dist. LEXIS 61588, at *6-7, 2020 WL 1703881 (E.D. Mich. Apr. 8, 2020) (denying emergency motion for compassionate release and concluding that the failure to comply with the exhaustion requirements "cannot be excused, even in light of the COVID-19 pandemic" because *Ross* holds that courts lack the authority to craft such an

exception); *Johnson*, 2020 U.S. Dist. LEXIS 59206, at *13-14 (finding that, even if the exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A) are not a jurisdictional bar, *Ross* "explicitly prohibited" the court from waiving them); *United States v. Schultz*, No. 17-CR-193S, 2020 U.S. Dist. LEXIS 66512, at *8-13, 2020 WL 1872352 (W.D.N.Y. Apr. 15, 2020). "Simply put, the FSA does not provide [a district court] with the authority to excuse [a] [d]efendant's failure to exhaust his administrative remedies or to waive the 30-day waiting period. Indeed, to hold otherwise would contravene well-settled principles set forth in the Supreme Court's decisions in *Ross* and *Booth*." *Epstein*, 2020 U.S. Dist. LEXIS, at *12 (citing *Ross* and *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) ("[W]e stress the point … that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise")).

In *Beck*, the order cited three cases to support its statement that, "[t]aking the outbreak of COVID-19 into account, some district courts have reasoned that the exhaustion requirements should not apply in a rigid manner." (*See* Doc. 38-1.) However, like *Beck*, two of those cases completely fail to mention *Ross*.[2] The other one references *Ross* but fails to comprehend its holding and fails to address it. *United States v. Wen*, No. 6:17-cr-6173, 2020 U.S. Dist. LEXIS 64395, at *10-11, 2020 WL 1845104 (W.D.N.Y. Apr. 13, 2020) (stating, without supporting legal citation, that "even if the exhaustion requirement is not subject to 'judge-made exceptions,' the law is well-established that even statutory exhaustion requirements—so long as not jurisdictional in nature—are subject to the doctrines of waiver and equitable estoppel"). *Wen* was criticized in

---

[2] Those two cases are *United States v. Haney*, No. 19-CR-541, 2020 U.S. Dist. LEXIS 63971, at *8, 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020) and *United States v. Vaughn*, No. 2:16-CR-20035, 2020 U.S. Dist. LEXIS 64882, at *8 (W.D.Ark. Apr. 14, 2020).

an opinion issued two days later from the same court. *Schultz*, 2020 U.S. Dist. LEXIS 66512, at *11-12 (listing the *Wen* decision as one of "several" that "fail to recognize the 'different footing' between statutorily-required and judge-made exhaustion provisions") (citing *Ross*, 136 S. Ct. at 1856-57). Additionally, the *Wen* case involved what presumably is a relatively unique factual scenario where, due to misrepresentations made by the government to the defendant prisoner, the court found that the Government had engaged in affirmative misconduct and the exhaustion requirements would be waived on equitable estoppel grounds. *Wen*, 2020 U.S. Dist. LEXIS 64395, at *14-15.

Finally, although not specifically addressing whether the FSA's exhaustion requirement may be subject to judicially-created exceptions, the Third Circuit Court of Appeals recently found that § 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point" despite the "risks that COVID-19 poses in the federal prison system." *U.S. v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Third Circuit Court of Appeals supported its decision with the text of the statute, while also considering the Bureau of Prisons' statutory role.[3] *Id.*; *see also U.S. v. Rushton*, No. 4:18-cr-329, 2020 U.S. Dist. LEXIS 76922, 2020 WL 2104554 (N.D. Ohio May 1, 2020) (relying on statutory text, *Raia*, and that "the exhaustion requirement serves the important purpose of allowing the BOP—an agency that is in a better

---

[3] Specifically, the Third Circuit stated: "We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP 'prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic,' we anticipate that the statutory requirement will be speedily dispatched in cases like this one." *Raia*, 954 F.3d at 597 (internal citation omitted) (alteration in original).

position to understand an inmate's health and circumstances relatively to the rest of the prison population and identify 'extraordinary and compelling reasons' for release—the opportunity to address such requests in the first instance," in denying prisoner's motion for compassionate release without prejudice). Furthermore, although not expressly addressing the FSA, the Fifth Circuit Court of Appeals recently held that—despite the COVID-19 pandemic—the PLRA's exhaustion requirements cannot be waived or excused. *Valentine v. Collier*, No. 20-20207, 2020 U.S. App. LEXIS 12941, at *14-18, 956 F.3d 797 (5th Cir. Apr. 22, 2020) (relying on *Ross*).

Section 3582 (c)(1)(A) expressly provides that the court "may not modify a term of imprisonment" upon a motion brought by a defendant until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Given Mr. Jackson's inability to establish that he has exhausted his Bureau of Prisons remedies and that he cannot otherwise show that either condition of this statutory exhaustion requirement has been fulfilled, the Court is unable to grant the motions.

Based upon the Court's rationale, the Defendant's Motions are not well founded and therefore are DENIED.

IT IS SO ORDERED.

Date: May 14, 2020                                                                    s/Thomas M. Rose

                                                                                                             THOMAS M. ROSE
                                                               UNITED STATES DISTRICT JUDGE